**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

GREGORY GORHAM,

    Plaintiff,

    v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

Case No.: 1:25-cv-13745

Judge Jeffrey I. Cummings

Magistrate Judge Daniel P. McLaughlin

**DECLARATION OF KEITH A. VOGT**

I, Keith A. Vogt, declare as follows:

1.    I am an attorney at law, duly admitted to practice before the courts of the State of Illinois and the United States District Court for the Northern District of Illinois. I am counsel for Plaintiff, Gregory Gorham ("Gorham" or "Plaintiff"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows.

2.    I understand that online infringers use a variety of tactics to evade enforcement efforts, and I submit this Declaration to authenticate and describe the results of the pre-suit investigation conducted in this matter and the completed purchases made from each Defendant.

3.    Upon information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine or authorized products. Each Defendant operates as a third-party seller on the Amazon.com online marketplace and transacts with the public exclusively through electronic means.

1

4. Defendants go to great lengths to conceal their identities and often use fictitious names and addresses to register and operate their Amazon seller accounts. Upon information and belief, Defendants regularly create new online marketplace accounts using the identities listed in Amended Schedule A to the Amended Complaint, as well as other unknown fictitious names and addresses. Such registration patterns are one of many common tactics used by online infringers to conceal their identities and avoid being shut down.

5. There are similarities among the Defendant Internet Stores. For example, several of the Defendant listings offer materially identical "Crab Shack" metal-tin-sign products bearing infringing versions of Plaintiff's "Seaside Signs-Crab" work, and other listings offer infringing versions of Plaintiff's "Antique Golf 1" and "Dirty Laundry Wash and Dry" works. These similarities suggest that the products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.

6. As part of the investigation, and before this action was filed, an actual completed purchase of an infringing product was made from each of the nine Defendant Internet Stores identified in Amended Schedule A. Each purchase was made through the Defendant's Amazon storefront, was paid for, and was placed for shipment to a customer address in the State of Illinois. Each of the nine purchases was placed on October 29, 2025, before this action was filed on November 10, 2025. True and correct records of these completed purchases, including the Amazon order numbers, order dates, and amounts paid, are compiled in the vendor-data evidence maintained by my office and are summarized in the Declaration of Gregory Gorham [27-3] and the accompanying exhibits.

7. The nine completed purchases are summarized below:

| No. | Seller Alias (Defendant) | Amazon Seller ID | Product ID (ASIN) | Amazon Order Number | Date of Purchase | Total Cost |
|---|---|---|---|---|---|---|
| 1 | henanqianyang737 | A1KTKSLIZ69TG9 | B0BN153ND1 | 113-3407445-6151416 | Oct. 29, 2025 | $22.01 |
| 2 | Sallyfanny14 | A2AH541FY4QCQ3 | B0BMXBWFX5 | 113-3881504-4893022 | Oct. 29, 2025 | $21.45 |
| 3 | 车贤饰内店 | AEH5L02W7WSZJ | B0FJX6N5Z8 | 113-2718835-5105025 | Oct. 29, 2025 | $13.36 |
| 4 | fanfuun | A274X3UCSXLXCO | B0BNHDVS2V | 113-4829880-2075432 | Oct. 29, 2025 | $8.81 |
| 5 | ZhuZhouYangMianShangMaoYouXianGongSi | A3S8VX8PKSPHMW | B0F21MPDK7 | 113-1440148-4682644 | Oct. 29, 2025 | $13.59 |
| 6 | UniqueCustomDIYShop | A2Z01UP7G1TEEA | B0D1MT4NJK | 113-4692653-2061030 | Oct. 29, 2025 | $17.88 |
| 7 | zhongshanshiyingxindadengshiy | AFWPOJK9K29D8 | B0F484QZVT | 113-0542508-1794651 | Oct. 29, 2025 | $14.68 |
| 8 | Pankila | A22FE9NXV0VH18 | B0CJ2ML9ZH | 113-7260886-3151430 | Oct. 29, 2025 | $32.82 |
| 9 | SwanLace | A1ZM4B87881BRG | B0863NJ89M | 113-2748501-3887433 | Oct. 29, 2025 | $23.98 |

8. Each Defendant listed above sold and shipped, or stood ready to ship, its infringing product to a customer in Illinois. These are the completed purchases that this Court credited in its June 26, 2026 Order [30], which found that "plaintiff has presented evidence of completed purchases of the allegedly infringing products to customers in Illinois as to each defendant listed in Amended Schedule A." Past investigation of the Defendant online marketplace accounts also reveals that Defendants appear to have provided incomplete or unreliable physical-address information to Amazon; many of the names and physical addresses used to register the accounts are incomplete or otherwise unreliable.

9. Notwithstanding the unreliability of the physical-address information, each Defendant, as an operating Amazon seller, must maintain an operative electronic-mail account and

3

electronic communication channel to receive order notifications and customer messages, to receive platform communications from Amazon, and to manage its seller account and receive payment. Because Defendants operate entirely online and transact with the public exclusively by electronic means, electronic notice sent to the e-mail addresses associated with the Defendant Internet Stores is a reliable method by which Defendants may be apprised of these proceedings.

10.     By the accompanying Renewed *Ex Parte* Motion, Plaintiff seeks a temporary restraining order, a temporary asset restraint, expedited discovery, and leave to provide notice of further proceedings by electronic means under Rule 65(a)(1). Plaintiff does not by that Motion seek an order authorizing formal service of process under Rule 4(f)(3), and reserves any such request for a later motion that will present the specific, per-defendant address-diligence showing described in the Court's June 26, 2026 Order [30].

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 22, 2026.

*/s/ Keith A. Vogt*
Keith A. Vogt
Counsel for Plaintiff

4