**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GREGORY GORHAM,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 25-cv-13745<br><br>**Judge Jeffrey I. Cummings**<br><br>**Magistrate Judge Daniel P. McLaughlin** |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff GREGORY GORHAM ("Gorham" "Plaintiff") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Amended Schedule A to the Amended Complaint and attached hereto (collectively, "Defendants") and using at least online marketplace accounts identified in Amended Schedule A (the "Defendant Internet Stores"). After reviewing the Motion and the accompanying record, this Court GRANTS Plaintiff's Motion as follows.

This Court finds Gorham has provided notice to Defendants in accordance with the Temporary Restraining Order entered October 15, 2026, [35] ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Plaintiff has presented evidence of completed purchases of the allegedly infringing products by customers in Illinois as to each Defendant listed in Amended Schedule A [23]. *See Liu v. Monthly*, 170 F.4th 1090 (7th Cir. 2026); *NBA Props., Inc. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022).

Specifically, each Defendant set up and operate one or more e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing versions of Gorham's federally registered copyrights (the "Gregory Gorham Works") to residents of Illinois. *See* Declaration of Gregory Gorham and the Declaration of Keith A. Vogt, which include evidence confirming that each Defendant Internet Store completed a sale of, and stands ready, willing and able to ship, its unauthorized goods to customers in Illinois bearing infringing versions of the Gregory Gorham Works.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a TRO establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Gorham has proved a *prima facie* case of copyright infringement because (1) the Gregory Gorham Works are registered with the U.S. Copyright Office, (2) Defendants are not licensed or authorized to use any of the Gregory Gorham Works, and (3) Defendants' use of the Gregory Gorham Works is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Gorham. Furthermore, Defendants' continued and unauthorized use of the Gregory Gorham Works irreparably harms Gorham through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Gorham has an inadequate remedy at law.

Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

   a. using the Gregory Gorham Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine product bearing the Gregory Gorham Works or not authorized by Plaintiff;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Gregory Gorham Works;

   c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the Gregory Gorham Works, or any reproductions, infringing copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Upon Gorham's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon") (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Gorham expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Defendant Internet Stores; and

c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Gregory Gorham Works.

5. Any Third Party Providers, including Amazon, shall, within seven (7) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Second Amended Schedule A hereto and any e-mail addresses associated with the Defendant Internet Stores; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

   c. Gorham may provide notice of the proceedings in this case to Defendants, including any future motions and proceedings, by electronic means, by sending an e-mail to the e-mail addresses associated with the Defendant Internet Stores, including any e-mail addresses obtained through expedited discovery authorized by this Order or otherwise provided for Defendants by third parties, and/or by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website. The combination of providing notice via electronic publication and/or e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections, as required

by Rule 65(a)(1). This Order does not authorize, and Plaintiff does not by the Motion seek, formal service of process under Fed. R. Civ. P. 4(f)(3); Plaintiff reserves any request for formal electronic service of process, supported by the per-defendant address-diligence showing, for a later motion.

6. Plaintiff's Exhibit 2 to the Declaration of Gregory Gorham [29] and the TRO [35] are unsealed.

7. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

8. The nine thousand dollar ($9,000) bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED:

Jeffrey I. Cummings
United States District Judge

Dated: November 10, 2026

**Amended Schedule A**

| No. | Defendants |
|---|---|
| 1 | henanqianyang737 |
| 2 | Sallyfanny14 |
| 3 | 车贤饰内店 |
| 4 | fanfuun |
| 5 | ZhuZhouYangMianShangMaoYouXianGongSi |
| 6 | UniqueCustomDIYShop |
| 7 | zhongshanshiyingxindadengshiy |
| 8 | Pankila |
| 9 | SwanLace |